MADDOX, Justice.
This suit involves the reformation of a deed executed by defendants-appellants, Samuel Pettagrue and others, in connection with the purchase and sale of certain church property. The dispute centers on whether a church parsonage was intended to be included in the trial court’s decree of January 16, 1976.
Richard Blount, et al. (Old Sardis), filed their complaint against appellants (Sardis), members of the Sardis Baptist Church, to enjoin them from purchasing and moving into another church. The trial court issued a temporary restraining order.
There was a dispute in the church. An election was held under court order, and appellants were successful in the election and moved from an old church building to a new church building. Appellees (Old Sar-dis) who had withdrawn from the Sardis Baptist Church, were allowed to purchase the old church building and the realty located at 1240 Fourth Street, North, in Birmingham. They called themselves Old Sar-dis Baptist Church.
On January 16, 1975, the trial court issued its decree which reads, in pertinent part:
“ONE: The church property including the church building and the realty at 1240 North Fourth Street shall, by consent of the parties, be appraised and its value determined by Euel G. Johnson, AIM and the Plaintiffs [Old Sardis] shall have the right to purchase the said property from Defendants at the appraised valuation assessed by the said Johnson and shall have the right, within a reasonable time, to buy or refuse to buy the said property. The Court determines that 30 days from the time of the submission of the appraised valuation is a reasonable time. Thereafter, if the right to purchase is exercised the Court shall determine a reasonable time within which financial arrangements may be made for the purchase.”
Johnson appraised the property at $100,-000. Appellants refused to sell at that price and filed a motion to modify the appraisal. Later, the trial court ordered the properties reappraised. Two additional appraisers, James O. Prewitt and Gene Dilmore, valued the properties at $200,000 and $150,000, respectively. The trial court modified its decree and placed the purchase price at $125,-000.
Appellees’ attorney prepared a deed for the parties. The deed includes the church parsonage. Appellants filed a motion to reform the deed to include only church property located at 1240 Fourth Street, North, and to exclude the church parsonage. The trial court refused to reform the deed. We affirm.
The petition does not allege, nor did appellants attempt to prove, any fraud on the part of appellees. The petition does not allege, nor does the evidence show, a mutual mistake by the parties. At best, the petition alleges a unilateral mistake on the part of appellants.
Appellees maintain that they clearly intended the purchase price of the church property to include the parsonage since the parsonage was included in the appraisal made by the appraiser appointed by the court and the deed prepared by counsel for the appellees. The petition does not allege that appellees knew or suspected any mistake on the part of the appellants, and the record is devoid of any such proof. Title 9, § 59, Code.
Appellees filed, pursuant to Rule 27, ARAP, a motion to dismiss the appeal. Since we have affirmed the decree on the *985 merits, we need not consider the motion to dismiss the appeal.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, ALMON, EMBRY and BEATTY, JJ., concur.
FAULKNER, JONES and SHORES, JJ., dissent.